UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01222-TWP-MJD |
| ) | |
| CHRIS BROWN, YOUTH OPPORTUNITY ) | |
| CENTER, and JOHN DOE | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE AND FURTHER PROCEEDINGS**

Plaintiff Brandon Stone, an inmate at Westville Correctional Facility, brings this 42 U.S.C. § 1983 action alleging that he was sexually assaulted as a minor at the Youth Opportunity Center ("YOC") in Muncie, Indiana. Because Mr. Stone is incarcerated, this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Plaintiff's Complaint

The allegations in Mr. Stone's complaint relate to his court-ordered placement at the YOC as a minor between July 1, 2014 and September 10, 2014. Dkt. 1 at 1. He names the YOC and two current or former employees, Chris Brown and YOC director "John Doe," as defendants. *Id.*

Mr. Stone alleges that Mr. Brown sexually propositioned him, sexually assaulted him on two occasions, and offered him drugs to gain sexual favors. *Id.* at 2. Mr. Stone says he "told one of the staff members about what had happened, but the whole incident was silenced and [he] ended up getting released." *Id.* at 5. He does not identify any specific staff member to whom he reported the incidents involving Mr. Brown.

Mr. Stone seeks monetary damages for the pain and suffering, intentional infliction of emotional distress, and psychological trauma he suffered as a result of sexual abuse. *Id.* at 7.

## III. Discussion

### A. Federal and State Claims that Shall Proceed

This action **will proceed with a claim against Chris Brown** pursuant to 42 U.S.C. § 1983 based on the allegations that he sexually assaulted and abused Mr. Stone. For screening purposes, the Court recognizes that this claim may be plausible under either the Eighth or Fourteenth Amendment. As a factual matter, it is unclear from his complaint whether Mr. Stone was held at the YOC as a pretrial detainee or as an adjudicated delinquent. Assuming he was an adjudicated delinquent, it is still unclear whether his claims should be evaluated under the Eighth Amendment's Cruel and Unusual Punishment Clause or the Fourteenth Amendment's Due Process Clause. *Reed*

*v. Palmer*, 906 F.3d 540, 549 (7th Cir. 2018) (discussing circuit split and noting that the Supreme Court has not decided this question). If any party believes that Mr. Stone's allegations do not state a plausible claim for relief under one amendment or the other, it may raise the issue in an appropriate motion.

Mr. Stone asserts that he seeks damages for "the intentional infliction of emotional distress resulting from physical and sexual abuse and failure to exercise reasonable care toward [him] while [he] was a minor." Dkt. 1 at 7. He also filed a motion asking to confirm whether he correctly brought this action in federal court due to the nature of his claims. Dkt. 10. The Court construes the complaint as alleging state law tort claims for intentional infliction of emotional distress against Mr. Brown and the YOC. **These claims shall proceed**. If Mr. Stone did not intend to assert or pursue these state law claims against these defendants in this federal action, he **shall notify the Court no later than September 2, 2021**, and these claims shall be withdrawn. This Order does not preclude either defendant from moving to dismiss this claim.

### B. Dismissed Claims

Mr. Stone also names "John Doe" Director of YOC from 2013 to 2015. Claims against this defendant fail for two reasons. First, specific to claims brought under 42 U.S.C. § 1983, the plaintiff must allege personal liability of the defendant. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted); *see Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mr. Stone does not allege that the director participated in or knew of his sexual assault. Second, regardless of personal liability required by § 1983, Mr. Stone has not identified this defendant. And thus his claims against

the director should not proceed because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Accordingly, Mr. Stone's claims against "John Doe" Director of YOC are **dismissed for failure to state a claim upon** which relief can be granted.

### IV. Service of Process

**The clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to (1) Chris Brown and (2) the Youth Opportunity Center in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Chris Brown is identified as a current or former employee of the YOC. The YOC is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**The clerk is directed to terminate** John Doe as a defendant on the docket.

### V. Conclusion and Further Proceedings

The only claims identified by the Court are those outlined in Part III. **All other claims are dismissed**. If Mr. Stone believes he asserted claims that are not discussed, he shall have **through September 2, 2021**, in which to notify the Court (or file an Amended Complaint).

After Mr. Stone filed his complaint, he filed a Motion to Confirm at docket 10, asking the Court whether his action is brought in the correct venue due to the nature and age of his claims.

Mr. Stone's motion, dkt. [10], is **granted to the extent** that this Court has now screened his complaint and has directed service, and it is **denied as to all other issues**.

**IT IS SO ORDERED.**

Date: 8/4/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

BRANDON STONE
254703
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Chris Brown
Youth Opportunity Center
3700 W. Kilgore Ave.
Muncie, IN 47304

Youth Opportunity Center
3700 W. Kilgore Ave.
Muncie, IN 47304