UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01222-TWP-MJD |
| ) | |
| CHRIS BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT CHRIS BROWN'S
MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff Brandon Stone, an inmate at Westville Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 14, 2021. [Dkt. 1.] This matter is before the Court on Defendant Brown's Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons set forth below, the motion, [Dkt. 29], is **DENIED.**

**I. Background and Screening Standard**

The allegations in Mr. Stone's complaint relate to his court-ordered placement at the Youth Opportunity Center ("YOC") in Muncie, Indiana, when he was a minor in 2014. [Dkt. 1.] Mr. Stone, now an adult, is in the custody of the Indiana Department of Correction. Thus, this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

1

immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Stone are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

The Court screened Mr. Stone's complaint pursuant to this standard on August 4, 2021, and identified the following viable claims:

> This action **will proceed with a claim against Chris Brown** pursuant to 42 U.S.C. § 1983 based on allegations that he sexually assaulted and abused Mr. Stone. For screening purposes this Court recognizes that this claim may be plausible under either the Eighth or Fourteenth Amendment . . . .[1] The Court construes the complaint as alleging state law tort claims for intentional infliction of emotional distress against Mr. Brown and YOC. **These claims shall proceed**.

[Dkt. 12 at 2-3 (emphasis in original).] The Court directed service of process, and both Defendants Brown and YOC appeared. [*Id.* at 4; Dkts. 14, 20, 21, 24.] On November 1, 2021, YOC, by counsel, filed an answer to Mr. Stone's complaint. [Dkt. 28.] Defendant Brown filed the instant

---

[1] The Court's screening order noted further as follows: "As a factual matter, it is unclear from his complaint whether Mr. Stone was held at the YOC as a pretrial detainee or as an adjudicated delinquent. Assuming he was an adjudicated delinquent, it is still unclear whether his claims should be evaluated under the Eighth Amendment's Cruel and Unusual Punishment Clause or the Fourteenth Amendment's Due Process Clause. *Reed v. Palmer*, 906 F.3d 540, 549 (7th Cir. 2018) (discussing circuit split and noting that the Supreme Court has not decided this question). If any party believes that Mr. Stone's allegations do not state a plausible claim for relief under one amendment or the other, it may raise the issue in an appropriate motion." [Dkt. 12 at 2-3.]

motion, seeking a more definite statement as to the claims Mr. Stone intends to assert against him. To date, Mr. Stone has not filed a response to this motion.

## II. Legal Standard

Pleadings in federal court are generally governed by Federal Rule of Civil Procedure 8 which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).[2] To be sure, "[s]pecific facts are not necessary." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Rule 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" where that initial pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored, however, "and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1195 (N.D. Ill. 2013) (citing *Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994)). Indeed, a motion for a more definite statement should be denied "'[w]here the complaint is specific enough to apprise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery." *Clemons v. Trs. of Ind. Univ. Jane Doe #2 I.U. Law Student*, 2020 WL 2039752, at *1 (S.D. Ind. Apr. 28, 2020) (citing *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012)).

---

[2] Although cases cited herein may not pertain directly to motions for a more definite statement, they are cited solely for their guidance regarding Fed. R. Civ. P. 8, which is applicable to all federal pleadings.

Importantly, the Court again reiterates that *pro se* pleadings such as Mr. Stone's must be construed liberally. *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). For decades, the Supreme Court has admonished that "a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers." *Estelle*, 429 U.S. at 106 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Thus, when ruling on a motion for a more definite statement, courts must be especially cognizant of "the fact that the complaint was drafted by a *pro se* litigant." *Sinha v. Bank One*, 1998 U.S. Dist. LEXIS 2038, at *6 (N.D. Ind. Feb. 2, 1998); *see Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving.").

### III. Discussion

*Pro se* plaintiffs like Mr. Stone, "need liberal interpretation of their complaints for both their factual allegations and their legal theories." *Bagola v. Kindt*, 39 F.3d 779, 780-81 (7th Cir. 1994). Because of this, the already "generous standard for construing claims for relief," *Bolen v. Objective Group of Cos., LLC*, 2021 U.S. Dist. LEXIS 194874, at *5 (S.D. Ind. Oct. 8, 2021) (referencing Fed. R. Civ. P. 8), is further relaxed for Mr. Stone.

Despite this liberal standard and the Court's screening entry of Mr. Stone's complaint, Defendant Brown moves the Court for a more definite statement. Defendant Brown argues that the complaint fails to comply with Rule 8(a) and 10(b) because it does not contain a statement of jurisdictional grounds, does not contain a short plain statement of claims, does not state a demand for relief sought, does not state a claim for showing that the plaintiff is entitled to relief, and does not conform to the pleading rulings because there are no numbered paragraphs with a single set of circumstances to which Defendant Brown can respond. [Dkt. 29 at 2.]

These arguments are unpersuasive. The reason why Mr. Stone is suing Defendant Brown is clear. Mr. Stone's complaint is not unintelligible. Rather, the opposite, as it clearly describes (3) articulated events involving Defendant Brown that occurred while Mr. Stone was a minor at YOC. [Dkt. 1 at 2.] Mr. Stone further describes that Defendant Brown "sexually assaulted [him] twice . . . sexually propositioned [him] 3 times and offered to bring [him] drugs in order to gain sexual favors" while Mr. Brown worked as a YOC staff member. [*Id.* at 2.] Beyond these assertions, Mr. Stone provides more detailed allegations about the conversations that took place with Defendant Brown and the physical events of the sexual assaults. [*Id.* at 2-7.] Mr. Stone provides a finite timeline of when the events occurred, on or about July 1, 2014 through September 10, 2014, while he was a minor on court-ordered placement at the facility. [*Id.* at 1.]

Mr. Stone's complaint sufficiently puts Defendant Brown on notice of his allegations, and therefore, satisfies Rule 8's pleading standard. *See, e.g., Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973) (noting that motions for a more definite statement are "designed to strike at unintelligibility rather than want of detail"); *see also Antonelli v. Officer Askew*, 1996 U.S. Dist. LEXIS 3352, at *9 (N.D. Ill. Mar. 20, 1996) (noting that Rule 8 "requires clarity but not detail").

Mr. Stone additionally includes a prayer for relief paragraph in response to question 8 on the complaint form he completed, asking the plaintiff what he would want from this Court or the defendants by way of his complaint. [Dkt. 1 at 7.] Here, he seeks monetary damages for pain and suffering, intentional infliction of emotional distress, emotional distress, and psychological trauma from the "physical and sexual abuse and failure to exercise reasonable care [toward him]" as a minor. [*Id.*] As it relates to viable claims and jurisdiction, the Court explicitly identified in its screening order, Mr. Stone's allegations against Defendant Brown implicate both federal claims

and state law claims—invoking the Eighth or Fourteenth Amendment, and state tort claims. Further, YOC is located in Muncie, Indiana, within the Southern District of Indiana, judicial district. *See* 28 U.S.C. § 94(b)(1) (Delaware Country). Moreover, the Court's screening order does not preclude the defendants from moving to dismiss any claims.

Defendant Brown's argument that a more definite statement is needed because Mr. Stone did not adhere to the form requirements of Rule 10(b), in particular that the complaint was void of numbered paragraphs, limited to a single set of circumstances, is unavailing. Mr. Stone completed a form complaint and answered the questions on the form. [Dkt. 1.] He attached his "factual statement" of the events. *Id.* An issue about the structural and organizational form of the *pro se* complaint does not render Mr. Stone's pleading "so vague or ambiguous that [Defendant Brown] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As discussed, YOC already filed a responsive pleading to the complaint, without issue.

Further, any additional information that Defendant Brown seeks would be better uncovered through the discovery process. *See CNH Am., LLC. v. Equip. Direct-USA, LLC*, 2010 WL 1790364, at *2 (C.D. Ill. Apr. 1, 2010) ("A party should not use a motion for a more definite statement to obtain factual details or as a substitute for discovery.") (citing *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987)); *see also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) ("Most details are more efficiently learned through the flexible discovery process."). Indeed, "[m]otions for a more definite statement have been consistently denied where the more detailed information sought by the motion could easily be obtained through discovery." *Lert v. A. C. Nielsen Co.*, 1993 U.S. Dist. LEXIS 4235, at *2 (N.D. Ill. Apr. 2, 1993) (citing *In re Gas Reclamation, Inc., Secs. Litig.*, 695 F. Supp. 493, 521 (S.D.N.Y. 1987)).

## IV. Conclusion

The Court liberally construes Mr. Stone's *pro se* complaint as required and finds that it is sufficient.

Accordingly, Defendant Brown's Motion for a More Definite Statement, [Dkt. 29], is **DENIED**. Defendant Brown shall respond to the plaintiff's complaint on or before **November 15, 2021**.

SO ORDERED.

Dated:  8 NOV 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

BRANDON STONE
254703
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362